Mr Donati, is that how you pronounce it? Donati? Yes, Judge Stewart, that's how you pronounce it. All right, you may proceed. Good morning, Your Honor. David Donati for Plaintiff's Gloria Manzo-Hernandez and others. Plaintiff seeking to represent a putative class of 156 people detained at LaSalle County Regional Detention Center. This case challenges a policy of illegal federal pretrial detention. Plaintiffs and the 151 material witnesses incarcerated with them were uniformly detained pending disposition of criminal cases, uniformly subject to a $25,000 secured bond without the hearing, due process, and findings required by Congress in the material witness statute. The district court correctly found it had jurisdiction over plaintiff's petition for writ of habeas corpus and claims for declaratory judgment, as well as the authority to issue relief. It likewise acknowledged the statutory requirements that plaintiffs have sued to enforce. Nevertheless, on an undisputed record, the district court dismissed plaintiff's claims as an exercise of discretion. It's entirely on the conclusion that plaintiffs could individually move for revocation of their detention orders. The district court abused its discretion in three substantial ways. First, it erred in its analysis of plaintiff's claims and the relief sought. Second, it erred in its analysis of the alternative putative remedy. And third, it erred on the equity. First, the district court erred in its analysis of plaintiff's claims and request for relief. Like the juvenile detainees in Schall v. Martin, plaintiffs are not seeking to correct any decisions made as to them. There were no such decisions. Instead, plaintiffs seek to test the division's pretrial detention policy by which they were detained without a hearing or individual finding. Plaintiff's challenge is precisely that they and putative class members are systematically deprived of the process required by Congress. A motion for revocation under Section 3145 is a component of the process that is required. But even if it were available, which plaintiffs dispute as a matter of fact and which the record shows is not correct. A component of due process can never be an adequate and effective substitute for the full slate of procedures that Congress unambiguously required in the Material Witness Statute and the Bail Reform Act. Second, the district court mischaracterized the putative alternative remedy of a motion for revocation. Supreme Court held in United States v. Montalvo-Murillo that notwithstanding noncompliance with the process required under the Bail Reform Act, the question at issue in a motion for revocation is whether a pretrial detainee poses a risk of flight or a danger to the community, and the proper conditions of detention and release as a result of those factual findings. Let me ask you a question. At least at the time that the motion dismiss was filed, most of the petitions were no longer in custody, if I understand it right. And I guess by the time the case got to us, none of the plaintiffs were still then in custody. Is that accurate? That is correct, Your Honor. Yes. All right. So you saw certification of a class, but the class was never certified. So that was sort of pinning. I guess the district court pushed it back because the pending motion dismissed. So that's not appealed. So talk about mootness or not in terms of the individual claims or even the class claims. That's the claim. I mean, the class was never certified. So where are you in that? I think we've got all got a good handle on the facts in terms of what happened. But how are you still in court and what's left? And then in light of what I understand, all these changes that may have occurred. So I will take your honor in two parts. The first goes as to the status of plaintiff's motion for class certification. And the second, I'll briefly address putative changes in policy. So on the first, there is no order on class certification, which could have been appealed to this court. The district court's order, which the government cites in its briefing here, was issued on August 5th, 2020, before the government answered in any way, before the government moved to dismiss or contested class certification. The face of the order says specifically that the district court was not considering plaintiff's motion for class certification. It would instead first consider the pending motion to dismiss if one were filed and then consider the issue of class certification. Plaintiff's moved for reconsideration based on the understanding that we needed clarification as to what the effect of that order was as to the justiciability of our claims. And we emphasize both our view that Rule 23 contemplates decision on class certification as early as practicable. In other words, if there's no evidence or factual record on class certification, you don't need to decide it. And second, that there could be substantial justiciability consequences to no longer having a pending motion for class certification. We pressed that on the record at the party's initial pretrial conference. And there again, the district court emphasized it was not deciding plaintiff's motion for class certification on the merits. It assured plaintiffs specifically that their claims continue to relate back to the filing of the complaint. And likewise, it admonished that the government would, quote, not use the timing as a bar to the motion for class certification. The district court itself characterized its decision as a decision to remove that particular motion from the docket rather than an order on class certification. And it bears emphasizing as well that the district court's order here, dismissing the case, presumes that plaintiffs are proceeding as a putative class. It describes this case as a putative class action, and it says that plaintiffs seek to represent a class of detained material witnesses. So this court held in Zideman that it is not bound by the characterization a district court affixes to its order when a different intention is shown. And this case is much easier than Zideman. Here you have the district court on the face of its order with no briefing on class certification saying, I will not consider class certification. You have the district court saying, I did not decide the motion for class certification, and your claims relate back. And then you have the order not referencing the denial of class certification. So the district court's intention here cannot be questioned. The district court's intention is, first, the parties will litigate the motion to dismiss, and second, if and when anything comes back, then I will decide class certification as appropriate. And the district court assured that plaintiffs' claims continue to relate back. So the reason that we are still here, notwithstanding your Honor's correct acknowledgement that by the time the district court dismissed, four of five of our named plaintiffs have been released, and our remaining plaintiff, Ms. Manzo Hernandez, was released on December 30th, after the district court's dismissal, is that this case falls very neatly into the exception for mootness in the class action context. It is highly unlikely that any person detained under this policy, which the record shows is approximately three months, would be in custody long enough to reach a decision on class certification as contemplated by Rule 23. So this case fits exactly into the doctrine articulated in Sosna v. Iowa footnote 11, Thurstein v. Pew footnote 11, and is entirely consistent with the cases of this court, including O'Donnell v. Harris County, Hays v. Dallas. However, if you do not have the relation back doctrine in this case, which exists only within civil jurisdiction and subject to Rule 23, then these claims will evade review because they are inherently transitory. And so that is the exception to mootness on which we are relying. As to changes in policy, your Honor, the record below doesn't reflect any change in policy. The government didn't add anything in the district court suggesting a change in policy, and to the extent they suggested in their briefing here, they say it, quote, appears to have changed. That falls far short of the requirement for the voluntary cessation doctrine or mootness based on one party's voluntary change in policies. If the court is concerned about potential changes in policy, the appropriate course is to remand this case to the district court to make factual findings as a result. And one case that I would cite for that proposition, your Honor, is the habeas case Morrissey v. Brewer. That's 408 United States 471 from 1972. There, the warden of that case concerned the revocation without a hearing of parole decisions in Iowa. And the respondent in that case for the first time on appeal suggested that they were in fact providing hearings, which is substantially what the government is suggesting here. And nonetheless, the court said we must treat this case in the posture and on the record respondents elected to rely on in the district court and court of appeals. If the facts are otherwise, respondents may make a showing in the district court that petitioners in fact have received the process required. So that is the appropriate course to the extent that there are changes in policy. Nonetheless, your Honor, we dispute that there are changes in policy. We continue to monitor practices in the Laredo Division, and the policy at issue, which is detention pending the end of criminal cases, has not changed. The government identifies two cases in December of last year in which people received hearings. First, I would say that that does not cover the breadth of the due process allegations which we are alleging here. The material witness statute and the Bail Reform Act contain a number of requirements, not just do you have a hearing, which is a binary failure that plaintiffs will have alleged here, but likewise that hearing has attended due process requirements. There are findings on critical incarceration related questions as to the adequacy of the deposition procedure, which must be made. There are supervisory responsibilities on the federal court under federal rule of criminal procedure 46. There is a slate of due process, which we allege are being deprived. And we continue to monitor buckets. There is nothing in the record to suggest that anyone continues to receive hearings, and in my review of buckets last week, I did not see any such. Instead, the practice appears to be that at uncounseled initial appearances, the judges are asking people to waive their right to a bail hearing, which we would dispute as an issue of due process as well. But in any event, as we emphasize to the district court, and as the federal courts relation back doctrine emphasizes, relation back is necessary precisely because, first, you will likely have people released from custody, and second, because there are potentials for changes in policy, which a district court should have the ability to review as a matter of fact, and then determine the merits appropriately. All of this, Your Honor, I would say, is a second important reason the district court erred in its discretion. The first being that it mischaracterized the nature of claims and relief sought. We're not seeking to correct individual determinations which were not made. We're testing a system of due process. What is the specific relief you're asking the panel for in view of the individual claims? What's the specific relief? We know how you got here, but what's the specific relief you're asking from the panel? From this panel, all we are asking, Your Honor, is reversal and remand to reinstate these proceedings in the district court so that we can pursue our claims for class certification as the district court intended and press our claims on the merits. We acknowledge we are making severe allegations. Is that correct, counsel? The relief you're seeking ultimately is declaratory relief. Is that not correct? We have sought habeas declaratory and injunctive relief, Your Honor. Okay. And we believe that both the habeas corpus statute and the Declaratory Judgment Act are bases on which that relief can be afforded. And there are a number of cases where habeas and declaratory judgment are brought together, and all of that is within the competency of the federal district court below. Following review of the claims on the merits, the district court can fashion relief as appropriate, whether that is the relief that we are demanding, the injunctive relief that we're demanding, or declaratory judgment that governs pretrial process and procedures. Well, you may want to – you've got a little bit of time left. I worry that Fassler may foreclose your habeas claim, but you've got the declaratory relief argument. Do you want to talk about that? I think you have a pretty reasonable argument that the district court misunderstood Sherman Williams. Yes, Your Honor. Thank you so much. And all I'll say on Fassler, because I take Your Honor's point well, is that habeas is an equitable determination. And this case looks nothing like Fassler. Mr. Fassler received two hearings before a magistrate and a separate hearing from the district court as well as factual findings. And the district court declined to hold that 3145 was the only available opportunity for detained persons prior to trial. We would say that this case comfortably is an exception to that. And likewise, we would say that this case is necessarily distinct from Fassler and that the relief we are seeking is distinct from Mr. Fassler's claims. But on declaratory judgment – Does it matter from the perspective of the posture of this case? There's nobody for whom you need habeas relief anymore in terms of people being in custody. You just want the declaratory relief would give you complete relief, don't you think? That's possible, Your Honor. I believe so. We frame this case such that the district court has a lot of flexibility to craft the appropriate remedy finding, and that's our intention. And so we continue to press those claims. But yes, Your Honor, you're right. We could receive complete relief on declaratory judgment or an injunction attendant to declaratory relief, which is available under the statute. But on declaratory judgment, I think that there are a couple of points that we want to make. The first is that the district court misapplied Sherwin-Williams. So the district court was correct that this circuit does not have a per se rule that when there's not a pending state court proceeding, it must dismiss. Nonetheless, the equitable considerations at issue in Trejo are very important. This court in Sherwin-Williams says that when there is no pending state court proceeding, that is an important factor which weighs strongly against dismissal. Likewise, the equitable factors here, Your Honor, are overwhelming. So we point not only to cases like Gerstein v. Pew, where the Supreme Court and this court have not only reviewed pretrial detention claims like the ones plaintiffs bring here, but created an equitable doctrine so those claims would not evade review. And we also acknowledge that this is the third class action brought on behalf of detained witnesses in this circuit. And those cases are hugely significant from an equitable perspective, because Aguilar-Ayala v. Ruiz, which this court decided, and In Re class action, Habeas, both yielded reasoned opinions, as well as a standing order in the Brownsville division, and a local criminal rule in the Western District of Texas that have governed the implementation of the material witness statute, the same federal question at issue here, for three decades in busy border jurisdictions. So if equity means anything, equity means what can we do to satisfy the individual and public interests at stake, and the equity interests here are overwhelming. This case will evade review if you don't have the mechanism that is created by the civil courts through Rule 23, through the relation-backed doctrine, to allow the claims that we are actually bringing. The claims that we are bringing are a challenge to a policy of detention that is uniformly applied. Likewise, one final point on Sherwin-Williams, the court emphasized how important it was to avoid piecemeal litigation. Here we have a common question of law and fact that can be resolved for 156 people at one time, that as the Supreme Court acknowledged in Gerstein, could not prejudice the underlying criminal proceedings. You could decide this case, and then nonetheless, determine individually whether Ms. Manzo-Hernandez and the others are a flight risk or a danger to the community. All that we are asking from the District Court below is that they enforce the will of Congress, and that is the relief that we have requested. Thank you, Your Honor. All right, thank you, Mr. Donato. Let's hear from Ms. Cravens. Good morning, and may it please the Court, Annalisa Cravens for the respondent appellee. This case is moot. Five undocumented immigrants brought a lawsuit challenging their detention as material witnesses. None of those immigrants remains detained as a material witness. Their individual claims are moot, and they do not seem to argue otherwise. Those immigrants also brought putative class claims seeking to represent all detained material witnesses in the Laredo Division. The District Court denied without prejudice their motion to certify a class, ruling that it would first consider the government's motion to dismiss. Realizing the potential consequences of that denial, the plaintiffs moved for reconsideration. The Court denied that motion as moot when it dismissed the case. The two denial orders are at pages 305 and 383 of the record on appeal. On appeal, the plaintiffs do not challenge the denial of class certification. Therefore, under the Supreme Court's decision in Alvarez v. Smith, the putative class claims are not live on appeal. Only the individual claims could be. Because those claims are moot, the case as a whole is moot. Plaintiffs raise a few arguments against mootness, but notably they do not cite any authority that contradicts or undermines Alvarez. Instead, they argue first that the class certification motion remains pending in the District Court. In fact, nothing remains pending in the District Court. This is not an interlocutory appeal. The Court entered a final judgment. It also denied the plaintiff's class certification motion and the motion for reconsideration when it entered final judgment. That puts this case squarely under Alvarez. Second, the plaintiffs raise a reliance argument, claiming that they relied on the District Court's assurance that they could file another class certification motion if they survived the motion to dismiss. They offer no support for an argument that a reliance interest or a tacit agreement could create subject matter jurisdiction. But even if that argument had any weight, it is irrelevant to mootness on appeal. The plaintiffs' framing under Zeidman would have kept the class certification motion alive from August 5, 2020, when the Court denied the motion, to November 13, 2020, when it entered final judgment. After final judgment, the plaintiffs had a duty to appeal all issues, and that includes the denial of class certification. Now, if this Court rules that this case is not moot, it should affirm the District Court's order. In the Bail Reform Act, Congress created a comprehensive scheme for the detention or release of material witnesses pending trial, sentence, and appeal. The Act provides specific mechanisms for reviewing and appealing a material witness's detention. Under 18 U.S.C. 3145B, if a person is ordered detained, the person may file a motion for revocation or amendment of the order, and that motion shall be determined promptly. If it is denied, the detainee may pursue an appeal, which shall also be determined promptly under 3145C. The plaintiffs here opted not to follow this procedure, and instead chose to file claims under habeas corpus. The writ of habeas corpus is rooted in common law and governed by equitable principles. A court's authority to hear a habeas petition is subject to prudential limitations, such as the orderly administration of criminal justice, which may require a court to forego the exercise of its habeas power. A court has to consider whether it ought to exercise its habeas powers, even when it has the authority to do so. Here, because Congress created a specific framework for material witnesses and other detainees to challenge their detention, courts have consistently held that they should challenge their detention under the Bail Reform Act. This court in Fassler confronted a habeas petition by a detainee under the Bail Reform Act. This court ruled that it had jurisdiction over the appeal, but that did not mean that the detainee was seeking an appropriate remedy. Instead, he should have proceeded under the Bail Reform Act. Fassler may foreclose a habeas proceeding, but what about the declaratory judgment proceeding? Yes, Your Honor. Our position is Fassler does foreclose that. Fassler alleged broad-based challenges, including that his detention was coercive. DJA actions are very different, right? The whole point of DJA is to provide duplicative, sort of an alternative measure of relief, in addition to whatever other statutory theories may be available. Yes, Your Honor. It is an additional form of relief. It is not a separate, stand-alone claim. And here, it doesn't appear that the plaintiffs intended to assert a separate, stand-alone claim. They filed a writ of habeas corpus asking for a declaration that the detention was unlawful. They paid the $5 filing fee for habeas petitions. They did not pay the fee for any other separate claim that they could potentially brought under the Declaratory Judgment Act. They also sued only the person with custody over the material witnesses, the assistant warden. They did not sue the United States or any other part, any federal officer. They also did not invoke any waiver of sovereign immunity, which would be necessary under a separate, stand-alone claim under the Declaratory Judgment Act. So really, it seems like the plaintiffs brought one claim, a habeas claim, and asked for declaratory relief in that claim. And the district court properly exercised its discretion to dismiss that claim. And the court asked Mr. Donati about Sherwin-Williams and whether the court misunderstood the role of the lack of a parallel state proceeding. I would point this court to Gonzalez v. Monjarez. The district court here cited the district court decision in that case. On appeal, this court held that the district court's analysis was proper of the Trejo factors. There, there was not a separate state proceeding. It was a question whether someone should proceed under a congressionally-created scheme or bring a broad habeas claim. This court affirmed the district court there when it dismissed the Declaratory Judgment Act claim as was within its discretion. And the same is true here. Here, the plaintiffs are already in a federal forum in their criminal cases. They can pursue any challenges they may have if their constitutional rights were violated or anything else in federal court already where they are already parties. And so the importance of a parallel state proceeding really falls away where you have plaintiffs who are already in federal court. Do you agree that the district court misread Sherman-Williams at a minimum? Because it seemed to me that the district court was saying that those various factors just don't apply one way or the other. Whereas Sherman-Williams seems to say they actually apply quite powerfully in favor or at least weighing in favor of considering declaratory relief. Well, Your Honor, I would say that the district court's quoted language from Sherman-Williams did omit the language that Your Honor is referencing. However, it is really irrelevant here because the plaintiffs already had a federal forum. And so the question there was whether the parties should be allowed access to a federal forum or whether they should proceed in state court. Here, the plaintiffs already had a federal forum. They're sitting in front of federal judges in the criminal cases where they are material witnesses. And so I think the district court was right in its analysis of Sherman-Williams and whether it should hear any sort of Declaratory Judgment Act claim, assuming that there is even a standalone claim. The court discussed each of the Trejo factors one by one. Some did not apply because Trejo arose in a different setting. And that was also true in the case I mentioned earlier, where this court affirmed the district court's analysis of where it said the party should proceed through a congressionally created scheme. The court here did not abuse its discretion in finding that Congress created a specific mechanism for material witnesses to challenge their detention. Whether there is state court litigation, that doesn't really fit in this case. What do you make of their argument that what they're seeking in the declaratory relief action is very different than what you can seek in a bail reform act proceeding? I view their description of the bail reform act as artificially narrow. In Fassler, Fassler challenged not only the facts supporting his detention. He didn't simply say, I'm not a flight risk or a danger to society. He alleged that his detention was unconstitutional and that it was coercive. And this court specifically held that he couldn't bring those challenges under the bail reform act. There is no limitation to the bail reform act in its text. The only limitation I have seen is in the plaintiff's description of it. So there's no reason that a particular detainee in the Laredo division couldn't challenge their detention and say that they were not provided whatever procedures they believed that they were entitled to. And then that could make its way to this court on a full record of the proceedings below. And so in the end, your honors, the district court did not abuse its discretion. And I want to highlight that that is the standard here. Although the court may have had jurisdiction over a habeas claim, it properly exercised its discretion not to hear it in favor of the scheme that Congress created. And it also, even if there is some sort of standalone declaratory judgment act claim, which I very much contest the existence of it, given that the right party was not sued. There is no invocation of a waiver of sovereign immunity, which is not waivable, absent clear congressional language, and that the plaintiffs did not pay the filing fee to bring any sort of separate cause of action. Even putting that aside, the district court was right in finding that it should exercise its discretion to decline to hear a declaratory judgment act claim where the plaintiffs have an adequate remedy to pursue their challenges to their detention in the criminal proceedings in which they are detained. And it would simply be an end run around Fassler to allow a declaratory judgment act claim to proceed. And the district court specifically highlighted that point, that this would simply be a habeas claim by another name and would, in essence, disregard Fassler's instruction that detainees should challenge their detention only through the bail reform act. And in fact, what's your, what's your response council option is arguing the case is not moved because of the transitory exception, you have urged us that Alvarez, you know controls. Alvarez doesn't seem to address that transitory exception within it. So what do you say, with respect to his argument about the transitory exception and my other question similarly is, maybe you should answer first, is the status quo, still existent in other words, the material witness procedures here is that still existent, you know, in terms of now we have this case on appeal or Did I misunderstand that something else is Going on differently. I'm not sure I'm clear. It may not be germane, but I'm not clear. Yes, Your Honor. First, as to the inherently transitory exception to mootness in putative class actions that would apply if the plaintiffs had challenged class certification on appeal. That doctrine allows for a putative class claims to remain live if the name plaintiffs claims have mooted out if the putative classes claims are inherently transitory. And so here that that would apply if the plaintiffs had challenged class certification, but because they did not. We don't even get to that point. He says, he says, how could he challenge challenge it if the district court expressly chose not to address it. Because he says he put it there. The district court chose not to address it because it wanted to deal with the motion to dismiss first, which it did address he asked for reconsideration and you know so right there is no ruling on the certification, but he's saying The court didn't rule on it. I couldn't make it rule on it if it chose not to. And if I otherwise have transitory claims. I mean, how can I still be where I am. I think that's what I understand. Maybe I'm wrong. The same is true of Alvarez. In that case, when the when the district court dismissed the case on a motion to dismiss it did not The motion for class certification as moot in a minute entry. There was no ruling on the merits and yet the Supreme Court unanimously held That the case was moot by the time it made it to appeal because the name plaintiffs claims had mooted out And they did not challenge the denial of class or even though it wasn't on the merits. And so this case is squarely within Alvarez, there is no meaningful distinction. And even the plaintiffs and Alvarez can continue to contest the legality of the legal scheme and the Supreme Court specifically noted That a disagreement with with the law is not a sufficient that does not create a case or controversy where the name plaintiffs issues had resolved themselves as has happened here. So there is no meaningful distinction to be drawn between Alvarez in this case. Second, as to your honors question about the change in procedures. My understanding is that first I would contest that there is there is a strict policy, either in the past or now. But my understanding is that currently material witnesses in the Laredo division are being appointed counsel, they're being offered a hearing on their On their detention. Some choose to waive that and some proceed before the court on a hearing on their detention and then if they were to disagree with their detention, they could always appeal that ruling to the district court and then to this court for this court to review it. When asked what relief, you know, he wants to panel you. He says, well, he wants to go back to the district court. And judging the heart followed up, you know, per the courage or just you say there's nothing back there. I guess that's what you're arguing is nothing back there. Is that what you are. I'm sorry, I don't understand. Well, when we asked find it what relief. He wanted. He said he wants a remand back, you know, back to the district court. You seem to be arguing, there's nothing back there. Because this case has become on appeal. Yes, Your Honor. This case is moot and I believe in this court should vacate the judgment below and That should be the end of these proceedings and then if any particular material witness in Laredo wishes to challenge their detention with Mr. Donati's help or otherwise they are free to Appeal their detention through the specific process that Congress created. But yes, it's right that that filing a separate civil action to challenge the conduct of the judiciary in criminal proceedings is not an appropriate path forward. If the court has no further questions, I would simply like to highlight the The standard of review on appeal and emphasize that even if this court may have ruled differently. The district court below had discretion to decide whether to hear these claims and it did not abuse that discretion. If the court has no further questions, I yield my time. All right. Thank you, Mr. Cravens. All right. We're back to you, Mr. Donati for rebuttal. Thank you, Your Honor. And there are just a few things that I'd like to touch on. So I'll start with mootness. I think that's appropriate. One distinction here between Alvarez in this case is that in that case, the district court did in fact Deny the motion to certify a class following the dismissal order. It said I'm denying the motion as moot to decide that emotion for classification is moot is a determination which can be appealed. In this case, there is no such determination. The district court said, I am not considering the motion for class certification and it assured the plaintiff's claims continue. What are you appealing from, though? I mean, as I should have checked before the argument. I take it. This is from final judgment. That's correct, Your Honor. We're appealing from final judgment. So isn't it kind of obvious that the class cert is gone? I'm not sure. Are you saying that you are unable to appeal from the denial of class cert? I will not take a position on it. So the district court's only order on classification was in August of 2020. The district court assured that its decision was not an order on class certification and that claims continue to relate back. The dismissal was more than two months after that decision. So under Rule 23, I think that the time to appeal a decision on class certification would have expired. But the district court was quite unambiguous that it was not denying plaintiff's motion for class certification. And I would point, Your Honor, to the transcript of proceedings, which is in the record here, page 467. So you don't think that the district court's about to grant it after final judgment? I mean, it's over, right? But the district court's order of battle, as prescribed in that decision, as well as in the initial pretrial conference, was I decide motion to dismiss first, and then we go to class certification. So the district court was saying I'm not going to... But isn't the implicit principle there that the motion for class cert will remain only if the MTD is denied? If it's granted... That's the implicit principle, Your Honor. I'm not aware of... There was no additional action taken on class certification after August 5th. The motion, the order that you're, that my colleague, Ms. Cravens, is referring to is a denial as moot of the motion for reconsideration. But at that point, the district court had given us full relief on that motion in the respect that it had clarified what it intended by the denial of class certification. And it's stated on the record, I would expect that the government would not use the timing as a bar to the motion for class certification in the future. It also said in Zideman that it is well settled that an appellate court is not bound by the label a trial court puts on its opinion when an underlying fact or the opinion as a whole indicates that a different action was in fact intended. So the dispute that we have is did the district court deny the motion for certification at all? And in this case, like in Zideman, the court can recognize that that motion remains pending before the district court as the district judge intended and as the district judge noted to the government here. But one other point I would make, Your Honor. Let me just cut to the chase. My concern ultimately is, you know, it seems to me that we ought to be able to get to the issue of these rights being vindicated so long as the issues are, have been properly preserved and presented. Alvarez stands for the proposition, as I understand it, that you've got to appeal the denial of class cert. So I take your point is you were not allowed to appeal because it was never formally denied. Is that sort of the idea? Yes, Your Honor. The district court never took any action on Sankith's motion for class certification. And so I wasn't formally denied, but it was in, you know, a lot of orders, you know, they say judgment entered and all motions pending or sort of implicitly or hereby denied sort of en banc. Why, why, why is it not that the reasonable reading of entry of final judgment, all motions left, you're obviously not getting relief on. Had the district court taken an action on class certification following its dismissal, we would have done so. And the one other point I would make, Your Honor, in addition to Zeidman, is that we clearly proceeded with this appeal as a putative class action. That is footnote one of our opening brief. It causes no prejudice whatsoever to honor the intention of the district court that the district court reiterated on the record and which the government did not oppose at the initial pretrial conference. There is no issue on class certification for this court to decide. The only issue is whether at the district court plaintiff's claims continue to relate back, which the district court has assured based on the pending and diligently pursued motion for class certification the plaintiff's filed is correct. I'll just make a few other points as I see my time is running out. There are two substantial reasons why we cannot pursue these things on a motion for revocation. The first, I reiterate, United States v. Montalvo Murillo, which is a Bail Reform Act case. Citation is 495 U.S. 711. The question on a motion for revocation notwithstanding procedural deficiency is the court must review flight risk and danger and conditions of release. The question is, should we release this person and on what conditions? This case is much closer to Gerstein v. Pugh or O'Donnell v. Harris County, where this court said that the questions of proper pretrial procedures are not properly reviewed by criminal proceedings and decisions allocating due process cannot prejudice future court proceedings as such. That is the difference between this case and Patzler. Here we are alleging a system of violations of due process, and the record is overwhelming, Your Honors. We have seven declarations to which nobody has responded, detailing years of practice. To the extent my opposing counsel suggests that practices have changed, they haven't identified a single person who was released on conditions, a single person who was deposed, both of which we would argue are necessary. But to the extent my opposing counsel would like to litigate that issue, the proper course, as I cited from Morrissey v. Brewer, is to remand that issue for factual development at the district court so that the proper question of... Mr. Donati, I'm going to cut you off there. I think you've given us another argument. All right. We appreciate the spirited argument by counsel on both sides and the briefing. The case will be submitted, and we will decide it. This concludes the cases to be orally argued for today. The court will stand in recess. Counsel, you are excused.